ADAMS, Justice.
This is an appeal from a summary judgment entered by the Circuit Court of Jefferson County after presentation of oral argument.
In January 1978, Ralph Hollins, the appellant, entered into negotiations with the appellees, Newton and Judith Blackerby, for the purchase of the Blackerbys’ residence, Lot 13 of Cahaba Valley Estates, located in. Shelby County, Alabama. At the time of the negotiations and sale, Mr. Blackerby was a real estate agent employed by Johnson-Rast & Hays Company, an Alabama corporation, and was listing his residence for sale through Johnson-Rast & Hays.
Prior to entering into a contract, Hollins and his wife asked the Blackerbys if they had had any problems with Bishop Creek, the creek located behind the house. The Hollinses claim that the Blackerbys informed them that the house had been flooded once in the previous five years and that the water had not risen above the baseboards in the basement, a depth of approximately six inches. Both Mr. and Mrs. Blackerby said they recalled the discussion about the prior flooding of the house, but Mr. Blackerby testified that he did not remember any mention of the depth of the water. Subsequent to their discussion about the flooding, the Hollinses signed a contract to purchase the house and took possession on March 9, 1978. The sales contract expressly stated that the house was being sold “as is,” and the Hollinses were required by the mortgage company to purchase flood insurance.
In March 1978, and again in April 1979, the creek overflowed and flooded the basement of the house to depths of two feet and four feet, respectively. Mr. Hollins filed this suit against the Blackerbys and Johnson-Rast & Hays on February 29, 1980, alleging misrepresentation or concealment of material facts concerning the flooding of the house.
The Blackerbys moved for summary judgment on November 13, 1985, contending that the claim was barred by the one-year statute of limitations; that the Hoi- *488 linses were informed of prior flooding and failed to investigate independently; and that statements concerning the frequency or severity of flooding were “mere opinion or sales puffing,” and could not support a claim of misrepresentation. The Blacker-bys further contended that a cause of action could not be based upon silence because they said they had no duty to disclose, and they also maintained that the sales contract was an integrated writing which encompassed all agreements and representations. Johnson-Rast & Hays also filed a motion for summary judgment, contending that no confidential relationship existed between the defendants and plaintiffs, and therefore that there was no duty of disclosure; that the one-year statute of limitations had expired; and that Hollins had failed to plead the alleged misrepresentation with specificity. The court granted summary judgment in favor of the Blacker-bys and Johnson-Rast & Hays, and Mr. Hollins appealed. Mrs. Hollins is not a party to this appeal.
The appellant’s principal contention on appeal is that during the negotiations the Blackerbys misrepresented or concealed facts concerning the depth of the water that had flooded the house. The court committed reversible error, Mr. Hollins contends, by finding that no genuine issues of material fact existed. We disagree and affirm the judgment of the circuit court.
It is undisputed that prior to entering into the contract with the Blackerbys, on January 11, 1978, the Hollinses learned from the Blackerbys that the creek had previously overflowed into the basement of the house. Notwithstanding notice of prior flooding, the express provision in the contract that the house was being sold “as is,” and notice from the mortgage company that they would be required to purchase flood insurance, the Hollinses purchased the Blackerbys’ house. Hollins contends, nevertheless, that the Blackerbys misrepresented the amount of water that had flooded the basement. He argues that the one-year statute of limitations for fraud did not begin tp run until he learned from a neighbor, sometime after purchasing the Black-erbys’ house, that the basement had previously been flooded to a depth of about three feet. We disagree.
The Blackerbys volunteered the information that flooding had previously occurred. Despite such notice, the Hollinses made no attempt to investigate independently the frequency or severity of flooding. Mr. Hollin’s unsupported allegation that Mr. Blackerby had misrepresented the depth of the flood water in the house is the entire basis for this action. He claims that although no duty to disclose material defects exists “where the alleged defect does not affect health or safety,” an undisclosed risk to health and safety is an issue here. See Cashion v. Ahmadi, 345 So.2d 268, 271 (Ala.1977). The facts simply do not support such a contention. By the appellant’s own testimony, the Blackerbys informed him that the house had previously flooded. Mr. Hollins conceded that damage to carpet and wall paneling caused by several inches or several feet of floodwater would have required their replacement in either case. If, as the appellant contends, the instances of flooding which occurred after purchase of the house posed a health risk, the facts support the conclusion that the appellant had notice of such a risk at the time he bought the Blackerbys’ house. Where a defendant has acted to fraudulently conceal a right of action, the period for bringing an action will run from the date of notice or discovery of the fraudulent concealment. Hart v. First Nat’l Bank, 373 F.2d 202 (5th Cir.1967); Belcher v. Birmingham Trust Nat’l Bank, 348 F.Supp. 61 (N.D.Ala.1968). There was no fraudulent concealment here, however.
The appellant was on notice of the possibility of flooding at the time he contracted to buy the Blackerbys’ house, January 11, 1978. The sellers acknowledged prior flooding, flood insurance was required, and the house was sold “as is.” After having been apprised of the susceptibility of the house to flooding, the appellant did nothing to investigate independently. Instead, he asks this Court to provide him a remedy based solely on an unsupported allegation of fraud. The appellant’s *489 claim that he discovered the extent of the previous flooding of the basement from talking to a neighbor after purchasing the Blackerbys’ house only underscores his own failure to exercise ordinary diligence to make inquiries before the purchase. We agree with the appellees that no confidential relationship existed between the Hol-linses and the Blackerbys which would have required the Blackerbys to disclose information regarding the depth of the flooding in the basement, and there is no evidence of a misrepresentation. Any cause of action the appellant might have had for fraud, therefore, expired one year after he had notice, in 1978, of the possibility of flooding. This claim, filed February 29, 1980, is barred by the statute of limitations. Code of Alabama 1975, § 6-2-39(a)(5) (repealed January 9, 1985). Accordingly, we affirm the judgment of the Circuit Court of Jefferson County.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and STEAGALL, JJ., concur.